IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| WENDELL F. GILLEY, etc. ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | CV 04-PT-562-M |
| ) | |
| MONSANTO COMPANY, INC., et al ) | |
| ) | |
| Defendants ) | |

FINDINGS OF FACT
AND
CONCLUSIONS OF LAW

This cause came on to be heard at trial on the limited issue of whether plaintiff's entitlement to retirement benefits vested before his employment was terminated. In essence the present issue is whether the plaintiff should be credited with 1000 or more hours of vesting service for the year 1972. This court has framed the issues and arguments in its Memorandum Opinion filed on May 31, 2005, and will not repeat those issues and arguments here.[1]

While the court has been inundated with verbiage, the task is to determine whether the plaintiff should receive credit for 1000 hours of vesting service for 1972. The issue is close from

---

[1] Since the May 31, 2005 opinion dealt with a motion for summary judgment, it is not entirely relevant to the trial herein addressed. The limited issues of this trial are, however, framed and discussed in that opinion, and, to the extent applicable are adopted here. Some issues addressed in the May 31, 2005 opinion were not tried in the trial now being addressed. See various filings of the parties for further argument and development. While it is doubtful, the respective proposed findings of fact and conclusions of law of the parties may contain some areas of agreement. To the extent they do, they are adopted. The court proposed addressing questions to IRS and/or the Department of Labor. Both sides objected, so the court decided to forego this proposal. The plaintiff's service began on August 30, 1972. Defendant has acknowledged that if that service had begun in late July 1972, plaintiff's retirement benefits would have vested.

1

any perspective.[2] The court finds and concludes that the defendants' denial of plaintiff's retirement benefits is to be reviewed under a "heightened arbitrary and capricious" standard because of a conflict of interest.

The court further finds and concludes that the defendants' conclusion that plaintiff was not entitled to have overtime considered was arbitrary and capricious and not due to be herein considered. Further, the 95 hour rule is not applicable to a 1972 calculation. In general, later amendments to the Plan should not have an effect on the 1972 calculations if they impact adversely on plaintiff's entitlement.

The court's task is to determine how many hours the plaintiff is entitled to for 1972. Since the defendant does not have adequate records of the plaintiff's overtime hours, the plaintiff should be given some benefit of the doubt in this regard.

The plaintiff makes two arguments that this court cannot accept. The first is that overtime hours should be counted as one and one-half hours because the plaintiff would have been paid based on one and one-half hours. The court finds no basis for such a calculation of service time. Second, plaintiff argues that the hours that plaintiff accrued for vacation time, sick pay time, etc. are to be counted at the time accrued rather that at the time taken. The court cannot accept this argument. Without the validity of such arguments, it is questionable as to whether the plaintiff had 1000 actual hours of service in 1972. On the other hand, the defendants' failure to keep adequate records leads to another theory of recovery. 29 C.F.R. § 2530.200b-3(a) states:

> Payroll records, for example, may provide sufficiently accurate date

---

[2]If plaintiff's testimony that he worked as many overtime hours as regular hours in 1972 is accepted, he would be entitled to 1000 hours of service time. The court has no substantial basis for discrediting this testimony. See attached Exhibit A filed by the plaintiff on December 19, 2005.

to serve as a basis for determining hours of service. If, however, existing records do not accurately reflect the actual number of hours of service with which an employee is entitled to be credited, a plan must either develop and maintain adequate records or use one of the permitted equivalencies.

. . . .

29 C.F.R. § 2530.200b-3(c) states:

Use of equivalencies for determining service to be credited to employees.

(1) The equivalencies permitted under paragraphs (d), (e) and (f) of this section are methods of determining service to be credited to employees during computation periods which are alternatives to the general rule for determining hours of service set forth in paragraph (a) of this section. The equivalencies are designed to enable a plan to determine the amount of service to be credited to an employee in a computation period on the basis of records which do not accurately reflect the actual number of hours of service required to be credited to the employee under § 2530.200b-2(a). However, the equivalencies may be used even if such records are maintained. Any equivalency used by a plan must set forth in the document under which the plan is maintained.

. . . .

29 C.F.R. § 2530.200b-3(d) states:

Equivalencies based on working time.

(1) Hours worked. A plan may determine service to be credited to an employee on the basis of hours worked, as defined in paragraph (d)(3)(I) of this section, *if* 870 hours worked are treated as equivalent to 1,000 hours of service and 435 hours worked are treated as equivalent to 500 hours of service.

(2) Regular time hours. A plan may determine service to be credited to an employee on the basis of regular time hours, as defined in paragraph (d)(3)(ii) of this section, if 750 regular time hours are treated as equivalent to 1,000 hours of service and 375 regular time hours are treated as equivalent to 500 hours of service.

3

Other parts of 29 C.F.R.§ 2530.200b-3 may have application.

The plaintiff makes two arguments of "equivalency" by his attached Exhibits B and C filed by him on December 19, 2005.  The court finds and concludes that the plaintiff clearly had at least 870 hours of service for 1972.  On this theory, which the court accepts, the plaintiff's entitlement to benefits vested prior to this termination.  Judgment will be entered in favor of the plaintiff.

This the 26th day of January, 2006.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

## Hours of Service Based on Total Direct and Indirect Compensation*

Total Compensation $ 2,149 ÷ $ 5,040 Yearly Salary = 0.4263889

0.4263889 X 2524 Hours per Year = 1076 Hours

1076 Hours of Service*

Regular Days = 254
Mandatory Overtime Days = 13
Mandatory Holidays Worked = 6
Paid Holidays = 9
Vacation Days = 10
Sick Leave Days = 5
Personal Days = 3

*Hours of Service as defined under 29 C.F.R. § 2530.200b-2(a)(1) and (a)(2) and as defined by Section 18.5 of the 1976 Plan and Section 17.5 of the 1981 Plan.

**EXHIBIT A**

*[handwritten note: Court Note — May mean — 3(d)(1) RP]*

## Hours of Service Based on Hours Worked
### 29 C.F.R. § 2530.200b-2(d)(1)*

Total Compensation $2,149 ÷ $5,040 Yearly Salary = 0.4263889

0.4263889 X 2460 Hours Directly Compensated for Per Year = 1049 Hours

1049 Hours of Service*

Regular Days = 254
Mandatory Overtime Days = 13
Mandatory Holidays Worked = 6
Paid Holidays = 9
Vacation Days = 10

* A plan may determine service to be credited to an employee on the basis of hours worked, as defined in paragraph (d)(3)(i) of this section, if 870 hours worked are treated as equivalent to 1,000 hours of service and 435 hours worked are treated as equivalent to 500 hours of service. Under (d)(3)(i) the term "hour worked" shall mean hours of service described in § 2530.200b-2(a)(1). Under 29 C.F.R. § 2530.200b-2(a)(1): An hour of service is each hour for which an employee is *paid*, or entitled to payment, for the performance of duties for the employer during the applicable computation period.

EXHIBIT B

*[handwritten note: "Court note May mean 3(d)(2)"]*

## Hours of Service Based on Regular Time Hours
## 29 C.F.R. § 2530.200b-2(d)(2)

Total Compensation $2,149 ÷ $5,040 Yearly Salary = 0.4263889

0.4263889 X 2256 Regular Time Hours Per Year = 962 Hours

1000 Hours of Service*

Days Scheduled Work = 273**
Paid Holidays = 9

* A plan may determine service to be credited to an employee on the basis of regular time hours, as defined in paragraph (d)(3)(ii) of this section, if 750 regular time hours are treated as equivalent to 1,000 hours of service and 375 hours worked are treated as equivalent to 500 hours of service. Under (d)(3)(ii) the term "regular time hours" shall mean hours worked, except hours for which a premium rate is paid because such hours are in excess of the maximum workweek applicable to an employee under section (7)(a) of the Fair Labor Standards Act of 1938, as amended, or because such hours are in excess of a bona fide standard workweek or workday.

**Based on Standard Workday.

EXHIBIT C