**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | |
|---|---|
| **WENDELL F. GILLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **Case No. 4:04-CV-0562-CLS** |
| **MONSANTO COMPANY, INC.,** ) | |
| *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION**

Plaintiff was ordered to show cause why this action should not be dismissed

for lack of jurisdiction based on the opinions of the Eleventh Circuit in *Gilley v.*

*Monsanto Co., Inc.*, 490 F.3d 848 (11th Cir. 2007), holding that plaintiff did not vest

under the terms of his employer's pension plan *prior* to the termination of his

employment, and the former Fifth Circuit in *Nugent v. Jesuit High School of New*

*Orleans*, 625 F.2d 1285, 1287 (5th Cir. 1980),[1] holding that "a former employee

whose pension benefits were not vested at the time of [his] termination . . . is not a

'participant' [under ERISA]."[2] *See also Jackson v. Sears, Roebuck and Co.*, 648 F.2d

225, 228-29 (5th Cir. 1981) (agreeing with *Nugent*).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] *See* doc. no. 189 (May 21, 2008 show cause order).

Plaintiff responded to the show cause order with a number of arguments that can be distilled into two distinct themes:   (1) *Nugent* is no longer an accurate statement of Eleventh Circuit law in light of the Supreme Court's holding in *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101 (1989), and Eleventh Circuit decisions handed down subsequent to *Firestone*; and (2) the *Gilley* decision should not be followed by this court under exceptions to the law of the case doctrine. Neither of these positions has merit, and this action is due to be dismissed because of plaintiff's lack of standing to pursue ERISA claims.

As noted by this court in its May 21, 2008 show cause order,

> "[t]he only parties that have standing to sue under ERISA are those listed in the civil enforcement provision of ERISA, codified at 29 U.S.C. § 1132(a)." *Hobbs* [*v. Blue Cross Blue Shield of Alabama*], 276 F.3d [1236,] at 1240 [(11th Cir. 2001)] (citing *Cagle v. Bruner*, 112 F.3d 1510, 1514 (11th Cir. 1997) (same)). An action seeking relief under ERISA can only be brought by a "participant," a "beneficiary," or a "fiduciary" of an ERISA plan; or, in certain instances, by the Secretary of the United States Department of Labor.  *See* 29 U.S.C. § 1132(a).[3]

Plaintiff insists that, by virtue of the Supreme Court's holding of *Firestone*, he is a "participant" under the relevant ERISA plan based on his allegations in this lawsuit, and that, as such, he has standing to sue under ERISA.  ERISA defines a "participant" as

> any employee or former employee of an employer, or any member or

---

[3]Doc. no. 189 (show cause order) at 5-6.

> former member of an employee organization, *who is or may become eligible to receive a benefit* of any type *from an employee benefit plan* which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7) (emphasis supplied).

Plaintiff argues that the Supreme Court's holding in *Firestone* is inconsistent with and, thus, overturns the former Fifth Circuit's prior holding in *Nugent* — a case indicating that plaintiff is not a "participant." This court finds that there is no inconsistency between *Firestone* and *Nugent*. *Firestone* provides the definitive analysis of the "may become eligible to receive a benefit" language in 29 U.S.C. § 1002(7), and held that a former employee is a "participant" only if he or she has a reasonable expectation of returning to covered employment, or has a colorable claim that he or she will fulfill eligibility requirements in the future. *See* 489 U.S. at 117-18 ("In order to establish that he or she 'may become eligible' for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future."). Here, plaintiff does not meet either criterion.

Specifically, plaintiff argues that he has a colorable claim for benefits by virtue of his allegations that he is a "participant" of the Monsanto Company Salaried

Employees' Pension Plan.[4]   Stated differently, plaintiff asserts that he is a "participant" because he claims it to be so.  His argument, however, runs contrary to key components of the *Firestone* decision.   In *Firestone*, the Supreme Court specifically rejected the notion that 29 U.S.C. § 1132 "should be read to mean that a civil action may be brought by someone who *claims to be a participant*," and found that such an "interpretation of the term 'participant' . . . strays far from the statutory language."   *Firestone*, 489 U.S. at 117 (emphasis supplied).   "To say that a 'participant' is any person who claims to be one begs the question of who is a 'participant' and renders the definition set forth in § 1002(7) superfluous."  *Id.*

> In our view, the term 'participant' is naturally read to mean either 'employees in, or reasonably expected to be in, currently covered employment,' *Saladino v. I.L.G.W.U. National Retirement Fund*, 754 F.2d 473, 476 (2nd Cir. 1985), or former employees who 'have . . . a reasonable expectation of returning to covered employment' or who have 'a colorable claim' to *vested* benefits.  *Kuntz v. Reese*, 785 F.2d 1410, 1411 (9th Cir. 1986) [(*abrogated by Kayes v. Pacific Lumber Co.*, 51 F.3d 1449 (9th Cir. 1995)].

*Id.* (emphasis supplied).

Further, *Firestone* makes it clear that a former employee who does not have "a colorable claim to *vested* benefits . . . simply does not fit within the [phrase] 'may become eligible.'" *Firestone*, 489 U.S. at 118 (quoting *Saladino*, 754 F.2d at 476)

---

[4]*Nota bene*:  Plaintiff does not, and indeed cannot under the facts of this case, argue that he has a reasonable expectation of returning to covered employment.

4

(brackets in original) (emphasis supplied).[5]

The holding in *Firestone*, therefore, does not appear to be inconsistent with *Nugent*, which provides that a plaintiff who did not vest under the terms of an ERISA benefits plan prior to the termination of his or her employment is not a "participant" under ERISA.  *See Nugent*, 625 F.2d at 1287.

Further, contrary to plaintiff's position, *Nugent* has not been overruled by either the United States Supreme Court or the Eleventh Circuit, and it remains authority binding upon this court.  Plaintiff directs this court to *Smith v. Wynfield Development Co., Inc.*, 238 Fed. Appx. 451 (11th Cir. 2007),[6] and *Lyons v. Georgia Pacific Corp. Salaried Employees Retirement Plan*, 221 F.3d 1235, 1240 n.8 (11th Cir. 2000), as the basis for his argument that "standing in the Eleventh Circuit is no longer dictated" by *Nugent*.[7]  Plaintiff's reliance on *Smith* and *Lyons* is wholly

---

[5]Justice Scalia, in his concurring opinion in *Firestone*, noted that

the phrase "may become eligible" has nothing to do with the probabilities of winning a suit. I think that, properly read, the definition of "participant" embraces those whose benefits have vested, and those who (by reason of current or former employment) have some potential to receive the vesting of benefits in the future, but not those who have a good argument that benefits have vested even though they have not.

489 U.S. at 119 (Scalia, J. concurring).

[6]"Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.  *Smith v. Wynfield Development Co., Inc.* was designated by the Eleventh Circuit as an unpublished opinion.  *See* 238 Fed. Appx. at 451.

[7]Doc. no. 91 (plaintiff's response to May 21, 2008 show cause order) at 7-8.

misplaced, however, because neither *Smith* nor *Lyons* addresses the issue that was before the former Fifth Circuit in *Nugent*, nor provides any discussion or mention of *Nugent*.

In *Smith*, the Eleventh Circuit addressed the question of whether a district court had subject matter jurisdiction because of ERISA preemption over a lawsuit in which only state law claims were asserted. *See* 283 Fed. Appx. at 454-58. In reaching its conclusion on the jurisdictional question, the Court determined, on the basis of the following rationale, that the appellant was a "participant" under the terms of an ERISA health insurance plan:

> Smith has standing to sue as a "participant" of the health insurance plan. . . . Here, Smith alleged that she was eligible to receive group health insurance benefits based on her employment, but that she was denied those benefits because of Defendants' failure to enroll her properly. If Smith's allegations are true, she may become eligible to receive the benefits of the group health plan to which she was otherwise entitled. Thus, based on her allegations, we conclude that Smith is a "participant" in the relevant ERISA plan, even though she was never properly enrolled in the plan. Smith cannot avoid ERISA preemption simply by stating that she was never properly enrolled in the plan, when the failure to enroll her properly is the very fact that gives rise to her cause of action.

*Smith*, 283 Fed. Appx. at 457. Plaintiff does not develop his argument that *Smith* overturns *Nugent*, and this court will not give consideration to arguments that are not fully developed or bolstered with legal authority. *See U.S. Steel Corp. v. Astrue*, 495

F.3d 1272, 1287 n.13 (11th Cir. 2007) (refusing to address a party's "perfunctory and underdeveloped argument"). Nevertheless, this court finds that the issue before the Eleventh Circuit in *Smith* has nothing whatsoever to do with the holding in *Nugent*, and that *Smith* cannot be read to abrogate *Nugent*.[8]

Further, unlike plaintiff in the present case, the plaintiff in *Lyons* was vested under the terms of the relevant ERISA plan prior to the termination of his employment. *See Lyons*, 221 F.3d at 1239 ("On January 5, 1991, Lyons left employment at Georgia-Pacific. In accordance with Article 4 of the Plan, Lyons was entitled to a vested benefit, because he had worked for Georgia-Pacific and Great Northern for at least five years."). For that reason, *Lyons* is distinguishable from *Nugent*, and cannot be construed as overruling *Nugent*.

Insofar as plaintiff invites this court to depart from the Eleventh Circuit's holding in *Gilley*, this court declines to do so. Plaintiff argues that there are certain scenarios that might appropriately give a district court cause to deviate from the law of the case doctrine;[9] however, the cases cited by plaintiff in support of this

---

[8] This is especially true in view of the well-settled rule quoted in note 6 *supra*.

[9] The doctrine of the law of the case mandates that "an appellate court decision on an issue . . . be followed in all subsequent trial court proceedings in the same case." *United States v. White*, 846 F.2d 678, 684 (11th Cir. 1988). "The purpose of the law of the case doctrine is to bring an end to litigation. In addition, it ensures that district courts obey appellate courts and that the parties are not required to relitigate settled issues." *Id.* at 684-85 (citing *Leggett v. Badger*, 798 F.2d 1387, 1389 (11th Cir. 1984)).

proposition involve situations where the *Eleventh Circuit*, *not* a district court, set aside the law of the case doctrine and revisited a prior Eleventh Circuit holding on an issue of law or fact in a particular case.  *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1292 (11th Cir. 2005) (conceding that there are certain circumstances whereby an appellate court may stray from the law of the case doctrine); *Klay v. All Defendants*, 389 F.3d 1191, 1197-98 (11th Cir. 2004) (same); *Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1139-40 (11th Cir. 1984) (same, and noting that the law of the case doctrine is an "amorphous concept").   Contrary to plaintiff's argument, it is well-settled that, "[o]n remand a district court is not free to deviate from the appellate court's mandate." *Wheeler*, 746 F.2d at 1140 n.2.  Such is the case here, and this court will not revisit those matters that were decided by the Eleventh Circuit in *Gilley*.  With regard to the present case, the Eleventh Circuit held in *Gilley* that plaintiff did not vest under his employer's applicable benefits plan prior to the termination of his employment. *See* 490 F.3d at 858-60.  Accordingly, plaintiff is not a "participant," and he lacks standing to sue under ERISA.

Consistent with the May 21, 2008 show cause order and for the reasons discussed herein this case is due to be, and hereby is DISMISSED without prejudice due to this court's lack of subject matter jurisdiction.[10]  In addition, because this court

---

[10]Defendants assert that, although they agree that plaintiff lacks standing to pursue ERISA claims, this court should table the issue of standing, and should reach a determination as to the merits

does not have subject matter jurisdiction over this action, it lacks the power to rule on the parties' pending motions.  *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 84 (1998) (noting that when a court lacks subject matter jurisdiction it "cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit.").   As such, the clerk is directed to administratively terminate all pending motions, and to close this file. Costs are taxed as paid.

DONE this 12th day of June, 2008.

_____
United States District Judge

---

of plaintiff's remaining claims.  Because standing is a jurisdictional issue, and plaintiff does not have standing to sue under ERISA, this court lacks the power to make the sort of substantive ruling sought by defendants.  *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 84 (1998) (mentioning that when a federal court lacks jurisdiction over a controversy, the court cannot take any action other than dismissing the case); *Bischoff v. Osceola County, Florida*, 222 F.3d 874, 877-878 (11th Cir. 2000) (noting that a plaintiff's standing to bring an action is a jurisdictional issue).